# Exhibit A




No Items in Cart   LOGIN
Civil Docket Report
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 230100940 |
| **Case Caption:** | DURGIN VS THE HERSHEY COMPANY |
| **Filing Date:** | Wednesday, January 11th, 2023 |
| **Court:** | CLASS ACTION |
| **Location:** | CITY HALL |
| **Jury:** | NON JURY |
| **Case Type:** | CLASS ACTION |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | WESTON, JOHN K |
| **Address:** SACKS WESTON LLC 1845 WALNUT ST SUITE 1600 PHILADELPHIA PA 19103 (215)925-8200 jweston@sackslaw.com | | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | DURGIN, DENETHIA |
| **Address:** 145 SOUTH 13TH ST. - APT. 305 PHILADELPHIA PA 19107 | | **Aliases:** | *none* | |
| | | | | |

| 3 | | | DEFENDANT | HERSHEY COMPANY |
|---|---|---|---|---|
| **Address:** | 100 CRYSTAL A DRIVE HERSHEY PA 17033 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | TEAM LEADER | PATRICK, PAULA |
| **Address:** | CITY HALL ROOM 481 PHILADELPHIA PA 19107 (215)686-8338 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 11-JAN-2023 09:57 AM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2301020240 | | |
| | | | |
| 11-JAN-2023 09:57 AM | COMMENCEMENT OF CIVIL ACTION | WESTON, JOHN K | |
| **Documents:** | ⬥ Click link(s) to preview/purchase the documents<br>Final Cover | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 11-JAN-2023 09:57 AM | COMPLAINT FILED NOTICE GIVEN | WESTON, JOHN K | |
| **Documents:** | ⬥ Click link(s) to preview/purchase the documents<br>Durgin class action complaint final.pdf<br>Durgin commerce cover sheet.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 11-JAN-2023 09:57 AM | WAITING TO LIST CASE MGMT CONF | WESTON, JOHN K | |
| **Docket Entry:** | *none.* | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Civil Docket Report

Search Home

Court of Common Pleas of Philadelphia
County Trial Division

# Civil Cover Sheet

| | For Office of Judicial Records Use Only (Docket Number) |
|---|---|

*Filed and Attested by the Office of Judicial Records 11 JAN 2023 09:57 am C. PERRY*

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| | | Complaint | Petition Action | Notice of Appeal |
| | | Writ of Summons | Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| $50,000.00 or less | Arbitration | Mass Tort | Minor Court Appeal | Settlement |
| More than $50,000.00 | Jury | Savings Action | Statutory Appeals | Minors |
| | Non-Jury | Petition | Commerce (Completion of Addendum Required) | W/D/Survival |
| | Other: _____ | | | |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes          No |

## TO THE OFFICE OF JUDICIAL RECORDS:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| PHONE NUMBER | FAX NUMBER | |
| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| SIGNATURE | DATE |

Case ID: 230100940

EXHIBIT A

# COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case *is* subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

1.  Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

2.  Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

    a.  Uniform Commercial Code transactions;

    b.  Purchases or sales of business or the assets of businesses;

    c.  Sales of goods or services by or to business enterprises;

    d.  Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

    e.  Surety bonds;

    f.  Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

    g.  Franchisor/franchisee relationships.

3.  Actions relating to trade secret or non-compete agreements;

4.  "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

5.  Actions relating to intellectual property disputes;

6.  Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

7.  Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

8.  Actions relating to corporate trust affairs;

9.  Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

# Instructions for Completing Civil Cover Sheet

Rules of Court require that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition). The information requested is necessary to allow the Court to properly monitor, control and dispose cases filed. A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action. The attorney or non-represented party filing a case shall complete the form as follows:

**A.** **Parties**

  *i.* *Plaintiffs/Defendants*
  Enter names (last, first, middle initial) of plaintiff, petitioner or appellant ("plaintiff") and defendant. If the plaintiff or defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than three plaintiffs and/or three defendants, list the additional parties on the Supplemental Parties Form. Husband and wife are to be listed as separate parties.

  *ii.* *Parties' Addresses*
  Enter the address of the parties at the time of filing of the action. If any party is a corporation, enter the address of the registered office of the corporation.

  *iii.* *Number of Plaintiffs/Defendants:* Indicate the total number of plaintiffs and total number of defendants in the action.

**B.** **Commencement Type:** Indicate type of document filed to commence the action.

**C.** **Amount in Controversy:** Check the appropriate box.

**D.** **Court Program:** Check the appropriate box.

**E.** **Case Types:** Insert the code number and type of action by consulting the list set forth hereunder. To perfect a jury trial, the appropriate fees must be paid as provided by rules of court.

**Proceedings Commenced by Appeal**

Minor Court
  5M   Money Judgment
  5L   Landlord and Tenant
  5D   Denial Open Default Judgment
  5E   Code Enforcement
        Other:
Local Agency
  5B   Motor Vehicle Suspension -
        Breathalizer
  5V   Motor Vehicle Licenses,
        Inspections, Insurance
  5C   Civil Service
  5K   Philadelphia Parking Authority
  5Q   Liquor Control Board
  5R   Board of Revision of Taxes
  5X   Tax Assessment Boards
  5Z   Zoning Board
  52   Board of View
  51   Other:
Other:

**Proceedings Commenced by Petition**
  8P   Appointment of Arbitrators
  8C   Name Change - Adult
  8L   Compel Medical Examination
  8D   Eminent Domain
  8E   Election Matters
  8F   Forfeiture
  8S   Leave to Issue Subpoena
  8M   Mental Health Proceedings
  8G   Civil Tax Case - Petition
        Other:

*Actions Commenced by Writ of Summons or Complaint*

Contract
  1C   Contract
  1T   Construction
  1O   Other:
Tort
  2B   Assault and Battery
  2L   Libel and Slander
  4F   Fraud
  1J   Bad Faith
  2E   Wrongful Use of Civil Process
        Other:
Negligence
  2V   Motor Vehicle Accident
  2H   Other Traffic Accident
  1F   No Fault Benefits
  4M   Motor Vehicle Property Damage
  2F   Personal Injury - FELA
  2O   Other Personal Injury
  2S   Premises Liability - Slip & Fall
  2P   Product Liability
  2T   Toxic Tort
        *T1   Asbestos*
        *TZ   DES*
        *T2   Implant*
  3E   Toxic Waste
        Other:

Professional Malpractice
  2D   Dental
  4L   Legal
  2M   Medical
  4Y   Other:
1G Subrogation
Equity
  E1   No Real Estate
  E2   Real Estate
  1D   Declaratory Judgment
  M1   Mandamus
Real Property
  3R   Rent, Lease, Ejectment
  Q1   Quiet Title
  3D   Mortgage Foreclosure - Residential
        Owner Occupied
  3F   Mortgage Foreclosure - Not Residential
        Not Owner Occupied
  1L   Mechanics Lien
  P1   Partition
        Prevent Waste
  1V   Replevin
1H Civil Tax Case - Complaint
        Other:

**F.** **Commerce Program**
Commencing January 3, 2000 the First Judicial District instituted a Commerce Program for cases involving corporations and corporate law issues, in general. If the action involves corporations as litigants or is deemed a Commerce Program case for other reasons, please check this block AND complete the information on the "Commerce Program Addendum". For further instructions, see Civil Trial Division Administrative Docket 01 of 2000.

**G.** **Statutory Basis for Cause of Action**
If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be identified.

**H.** **Related Pending Cases**
All previously filed related cases, regardless of whether consolidated by Order of Court or Stipulation, must be identified.

**I.** **Plaintiff's Attorney**
The name of plaintiff's attorney must be inserted herein together with other required information. In the event the filer is not represented by an attorney, the name of the filer, address, the phone number and signature is required.

### The current version of the Civil Cover Sheet may be downloaded from the FJD's website
### http://courts.phila.gov

**SACKS WESTON, LLC**
John K. Weston
Attorney No. 26314
Andrew B. Sacks
Attorney No. 41390
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
T: 215-925-8200
F: 267-639-5422
*jweston@sackslaw.com*

Attorneys for Plaintiff



*Filed and Attested by the
Office of Judicial Records
11 JAN 2023 09:57 am
C. PERRY*

_____

**DENETHIA DURGIN**
145 South 13th Street, Apt. 305
Philadelphia, PA 19107

V.

**THE HERSHEY COMPANY**
100 Crystal A Drive
Hershey, PA 17033

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL DIVISION

CIVIL ACTION

NO.

**CLASS ACTION**

<u>**NOTICE TO DEFEND**</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

<u>**AVISO**</u>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar

Case ID: 230100940

a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar ta! servicio. Vaya en persona o !lame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333

**SACKS WESTON, LLC**

John K. Weston               Attorneys for Plaintiff
Attorney No. 26314
Andrew B. Sacks
Attorney No. 41390
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
T: 215-925-8200
F: 267-639-5422
*jweston@sackslaw.com*

_____

**DENETHIA DURGIN**          PHILADELPHIA COUNTY
145 South 13th Street, Apt. 305    COURT OF COMMON PLEAS
Philadelphia, PA 19107         CIVIL DIVISION

V.                               CIVIL ACTION

**THE HERSHEY COMPANY**     NO.
100 Crystal A Drive
Hershey, PA 17033            <u>**CLASS ACTION**</u>

## CLASS ACTION COMPLAINT

### PARTIES

1.     Plaintiff DENETHIA DURGIN is an adult individual and a citizen of the Commonwealth of Pennsylvania, who resides at 145 South 13th Street, Apartment 305, Philadelphia, Philadelphia County, Pennsylvania 19107.

2.     Defendant THE HERSHEY COMPANY is a corporation organized and existing under the laws of the State of Delaware, and maintaining its principal place of business at 100 Crystal A Drive, Hershey, Dauphin County, Pennsylvania 17033.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to the provisions of 42 Pa.C.S.A. §931, this being an action not subject to the exclusive jurisdiction of another court.

4.     Venue is proper in Philadelphia County pursuant to the provisions of Pa.R.C.P. 2179(a)(2), (a)(3) and (a)(4), because Defendant regularly conducts business in Philadelphia County; the cause of action arose in Philadelphia County; and transactions and occurrences out of which the cause of action arose occurred in Philadelphia County.

## GENERAL ALLEGATIONS

5.     Defendant manufactures and sells various chocolate products, including Hershey's Special Dark Mildly Sweet Chocolate, Lily's Extra Dark Chocolate 70% Cocoa, and Lily's Extremely Dark Chocolate 85% Cocoa [the "Products"]. Hershey sells the Products throughout the United States, including in Pennsylvania.

6.     A December 2022 report by Consumer Reports related that "[r]esearch has found that some dark chocolate bars contain cadmium and lead—two heavy metals linked to a host of health problems in children and adults," in amounts such

2

that "eating just an ounce a day would put an adult over a level that public health authorities and [Consumer Report's] experts say may be harmful for at least one of those heavy metals." Among those containing substantial levels of lead and cadmium are the Products pictured below.





7.      As shown above, Hershey's Special Dark Mildly Sweet tested at 265% of "California's maximum allowable dose level (MADL) for lead." One ounce of this Products contains 1.325mcg of lead, whereas California's MADL is 0.5 micrograms. Similarly, Lily's Extra Dark Chocolate 70% Cocoa tested at 144% of the MADL for lead, and Lily's Extremely Dark Chocolate 85% Cocoa tested at 143% of the MADL for lead, and 101% for cadmium.

3

Case ID: 230100940

8.      Lead and cadmium are heavy metals and their presence in food, alone or combined, poses a serious safety risk to consumers because they can cause cancer, and significant and often irreversible damage to brain development, liver, kidneys, bones, and other major health problems. As Consumer Reports noted, "both cadmium and lead pose serious health risks" and, with respect to lead specifically, "no amount of it is considered safe."

9.      As described more fully below, consumers who purchased the Products were injured by Hershey's acts and omissions concerning the presence of lead and cadmium. No reasonable consumer would know, or have reason to know, that the Products contain heavy metals, including lead and cadmium. Worse, as companies across the industry have adopted methods to limit heavy metals in their dark chocolate products, Hershey has stood idly by with a reckless disregard for its consumers' health and well-being.

10.     The harmful effects of lead are well-documented, particularly on children. Exposure puts children at risk for lowered IQ, behavioral problems (such as attention deficit hyperactivity disorder (ADHD)), type 2 diabetes, and cancer, among other health issues. Heavy metals also pose risks to adults. Even modest amounts of heavy metals can increase the risk of cancer, cognitive and reproductive problems, and other adverse conditions. As such, it is important to limit exposure.

Case ID: 230100940

11.     "No amount of lead is known to be safe."  Exposure to lead may cause anemia, weakness, and kidney and brain damage.  Lead affects almost every organ and system in the body and accumulates over time, leading to severe health risks and toxicity, including inhibiting neurological function, anemia, kidney damage, seizures, and in extreme cases, coma and death.  Lead can also cross the fetal barrier during pregnancy, exposing the mother and developing fetus to serious risks, including reduced growth and premature birth.  Lead exposure is also harmful to adults as more than 90 percent of the total body burden of lead is accumulated in the bones, where it is stored.  Lead in bones may be released into the blood, re-exposing organ systems long after the original exposure.

12.     Cadmium, also a heavy metal, likewise poses a serious safety risk to consumers because it can cause cancer and is a known teratogen, an agent which causes malformation of an embryo. Exposure to cadmium can affect the kidneys, lungs and bones.  There may be no safe level of exposure to a carcinogen, so all contact should be reduced to the lowest possible level.  It is considered a Class 1 carcinogen by the World Health Organization.  Even at low exposure, cadmium can cause nausea, vomiting, diarrhea and abdominal pain. And, because cadmium builds up in the body, even at low dosage, repeated exposure can cause liver and kidney damage, anemia and loss of smell. According to the Centers for Disease Control, "exposure to low levels of cadmium in . . . food . . . over time may build up cadmium

Case ID: 230100940

in the kidneys and cause kidney disease and fragile bones" and is indisputably "considered a cancer-causing agent."

13.    It is undisputed that the Products contain lead and cadmium, and that Hershey has known as much for at least the last five years. In 2017, Hershey (and several other manufacturers and distributors of dark chocolate products) received notice that at least some of its dark chocolate products, including Hershey's Special Dark Mildly Sweet Chocolate, contained excessive cadmium and/or lead, including by being provided with certificates of merit that independent experts confirmed the presence of heavy metals in the Hershey Products. However, Hershey failed to warn consumers that consuming the Products exposes consumers to those chemicals.

14.    Moreover, in December 2022, Consumer Reports, a consumer protection and advocacy organization dedicated to independent product testing, consumer-oriented research, and investigative journalism, tested 28 different dark chocolate bars for lead and cadmium. The results showed that, for example, the Hershey's Special Dark Mildly Sweet Chocolate contained 1.325 mcg of lead per ounce, which is more than 2.6x the Maximum Allowable Dose Level ["MADL"] of 0.5 mcg per ounce set by the California Office of Environmental Health Hazard Assessment ["OEHHA"].

15.    Notably, lead is getting into the Hershey Products after harvesting. As Consumer Reports notes, "lead seems to get into cacao after beans are harvested.

6

Case ID: 230100940

The researchers found that the metal was typically on the outer shell of the cocoa bean, not in the bean itself. Moreover, lead levels were low soon after beans were picked and removed from pods but increased as beans dried in the sun for days. During that time, lead-filled dust and dirt accumulated on the beans." Thus, on information and belief, Hershey itself is responsible for lead being present in the Products.

16.     The global dark chocolate market has witnessed significant growth in recent years and is expected to continue growing into 2023.

17.     The growth of dark chocolate sales is premised, in part, on reasonable consumers' belief that dark chocolate is actually healthier than other food choices, and especially healthier than other confectionaries and milk chocolates. "The pervasive health and wellness trend continues to influence dark chocolate market, with manufacturers incorporating organic ingredients and natural sweeteners. The preference for dark chocolate over milk chocolates on accounts its health benefits continues to remain intact," especially as demand for healthy products, generally, increases.  Thus, the safety and health effects of the Products are material facts to reasonable consumers.

18.     Given the negative effects of toxic lead and cadmium on human development, especially in embryos and children, and on adult health, the presence

7

Case ID: 230100940

of toxic heavy metals in the Products is a material fact to reasonable consumers, including Plaintiff and members of the Class.

19.     A company as ubiquitous as Hershey has earned significant public trust that its foods are safe and fit for regular consumption. Reasonable consumers believe that Hershey would not sell products that are unsafe.

20.     Reasonable consumers do not expect to consume heavy metals in the Products.

21.     Hershey knew that if the presence of toxic heavy metals in the Products was disclosed to Plaintiff and the Class members, they would be unwilling to purchase the Products or would pay less for them.

22.     In light of Hershey's knowledge that Plaintiff and the Class members would be unwilling to purchase the Products or would pay less for the Products if they knew that the Products contained toxic heavy metals, Hershey intentionally and knowingly concealed this fact from Plaintiff and the Class Members, and did not disclose the presence of lead or cadmium on the label of the Products.

23.     Hershey knew or should have known that Plaintiff and the Class members would rely upon the packages of the Products, and intended for them to do so, but failed to disclose the presence of lead or cadmium.

24.     Hershey knew or should have known that it owed consumers a duty of care to adequately test for lead, cadmium, and other heavy metals, particularly

8

Case ID: 230100940

considering that it was provided notice of independent expert testing of some of its dark chocolate bars. Had Hershey done so, it would have known that its Products contained significant levels of lead and cadmium. Alternatively, Hershey did know that its Products contained significant levels of heavy metals and purposely hid that fact from consumers.

25.     Additionally, Hershey knew or should have been aware that a reasonable consumer would consume the Products regularly, and possibly multiple Products daily, leading to repeated exposure to both lead and cadmium, which each independently accumulate in the body and its systems over time.

26.     Hershey knew or should have known it could control the levels of lead and cadmium in the Products by properly monitoring for heavy metal presence, sourcing ingredients with less heavy metals, or none at all, adjusting its formulation to reduce or eliminate heavy metals, or improve its manufacturing process to eliminate introduction of lead caused by Hershey itself.

27.     Prior to purchasing the Products, Plaintiff and the Class members were exposed to, saw, read, and understood the labels of the Products, and relied upon the same in purchasing the Products, but Hershey failed to disclose the presence of heavy metals.

28.     As a result of Hershey's concealment of the fact that the Products contained toxic heavy metals, including lead and cadmium, Plaintiff and the Class

9

Case ID: 230100940

members reasonably believed the Products were free from substances that would negatively affect children's development as well as their own health.

29.     Had Plaintiff and the Class members known that the Products contained toxic heavy metals, rendering them unsafe for consumption, they would not have been willing to purchase the Products or would have paid less for them.

30.     Therefore, as a direct and proximate result of Hershey's omissions concerning the Products, Plaintiff and the Class Members purchased the Products and paid more than they were worth.

31.     Plaintiff and the Class members were harmed in the form of the monies they paid for the Products which they would not otherwise have paid had they known the truth about the Products. Since the presence of toxic heavy metals, including lead and cadmium, in the Products renders them unsafe for human consumption, the Products that Plaintiff and the Class members purchased are worthless, or at a minimum are worth less than Plaintiff and the Class paid for them.

32.     Plaintiff regularly purchased Hershey's Special Dark Mildly Sweet Chocolate 85% Chocolate during the Class Period, making her purchases from a variety of stores in Philadelphia.

33.     When purchasing the Product, Plaintiff was seeking a chocolate bar she believed to be healthier than other confectionaries, by virtue of its higher cocoa (and thus lesser sugar) content. Moreover, Plaintiff would have avoided any food she

Case ID: 230100940

knew contained toxic ingredients, especially heavy metals like lead and cadmium. She would also have avoided purchasing any food she knew could increase her risk of inhibited neurological function, anemia, kidney damage, seizures, coma, or death.

34.  Plaintiff acted reasonably in purchasing the Product, whose label did not disclose the presence of lead or cadmium, or the attendant health risks in consuming the Product.

35.  By omitting that its Products contains lead or cadmium, Hershey was able to gain a greater share of the snack market, specifically the confectionary and dark chocolate market, than it would have otherwise and to increase the size of the market.

36.  Plaintiff paid more for the Product, and would only have been willing to pay less, or unwilling to purchase it at all, absent Hershey's omissions regarding the lead and cadmium content described herein.

37.  Plaintiff would not have purchased the Product if she had known that it was misbranded pursuant to California and FDA regulations, or that the Product contained toxic lead or cadmium in the amounts found in the Products.

38.  For these reasons, the Products were worth less than what Plaintiff and the Class Members paid for them.

Case ID: 230100940

39.     Plaintiff and the Class lost money as a result of Hershey's omissions and unfair practices in that they did not receive what they paid for when purchasing the Products.

40.     Plaintiff still wishes to purchase snack foods, including dark chocolate, and continues to see the Hershey Products at stores where she shops. She would purchase Hershey Products in the future if, because of an injunction requiring Hershey to disclose lead or cadmium when present, she could be assured by the absence of a disclosure that the Products no longer contained lead or cadmium. But unless Hershey is enjoined in the manner Plaintiff requests, she may not be able to reasonably determine whether the lead or cadmium in the Products has been addressed, or whether Hershey is continuing to omit its presence.

41.     Plaintiff's substantive right to a marketplace free of fraud, where she is entitled to rely with confidence on representations such as those made by Hershey, continues to be violated every time Plaintiff is exposed to the Products' labels.

42.     Plaintiff's legal remedies are inadequate to prevent these future injuries.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff seeks to represent a class of all persons in the United States who, at any time from four years preceding the date of the filing of this Complaint

Case ID: 230100940

to the time a class is certified (the "Class Period"), purchased the Hershey Products (the "Class").

44.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable.

45.     Questions of law and fact common to Plaintiff and the Class include:

a.      whether the omissions on the Products labels with respect to lead content are material, or likely to be material, to a reasonable consumer;

b.      whether the omissions on the Products labels with respect to cadmium content are material, or likely to be material, to a reasonable consumer;

c.      whether the omissions regarding lead content were reasonably likely to deceive a reasonable consumer;

d.      whether the omissions regarding cadmium content were reasonably likely to deceive a reasonable consumer;

e.      whether Hershey's conduct violates public policy;

f.      whether Hershey's conduct violates state or federal food statutes or regulations;

g.      whether Hershey made and breached warranties;

h.      the proper amount of damages, including punitive damages;

i.      the proper amount of restitution;

j.      the proper scope of injunctive relief; and

13

Case ID: 230100940

k.     the proper amount of attorneys' fees.

46.     Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Hershey's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Products and suffered economic injury because the Products are misrepresented. Absent Hershey's business practice of deceptively and unlawfully labeling the Products by omitting material information regarding its toxic lead and cadmium content, Plaintiff and Class Members would not have purchased the Products or would have paid less for them.

47.     Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, specifically including litigation involving the false and misleading advertising of foods and beverages.

48.     Class treatment provides a fair and efficient method for adjudication of the controversy.

a.     The foregoing common questions of law and fact predominate over questions that affect only individual Class Members.

14

Case ID: 230100940

b. Regardless of the ultimate size of the class, no unusually difficult management issues are expected.

c. Prosecution of separate actions by or against individual members of the class will create a risk of (i) inconsistent or varying adjudications with respect to individual members of the class which will confront the party opposing the class with incompatible standards of conduct; and/or (ii) adjudications with respect to individual members of the class which will as a practical matter be dispositive of the interests of other members not parties to the adjudications, or will substantially impair or impede their ability to protect their interests.

d. Litigation already commenced by or against members of the class involving any of the same issues is in comparable early stages, and can be coordinated with this action.

e. This Court is a particularly appropriate forum for litigation of the claims of the entire class, pursuant to the United States Supreme Court's opinion in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, ___ U.S. ___, 137 S.Ct. 1773 (2017).

f. The amount which may be recovered by individual class members will not be so small in relation to the expense and effort of administering the

Case ID: 230100940

action as not to justify a class action. To the contrary, a class action is the only procedure for class members to obtain any recovery.

49. Hershey has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

50. As a result of the foregoing, class treatment is appropriate under Pa.R.C.P. 1701 *et seq.*

## COUNT I – Breach of Implied Warranty of Merchantability

51. Plaintiff incorporates by reference the preceding allegations of this Complaint.

52. Defendant manufactured and sold the Products, and prior to the time the Products were purchased by Plaintiff and other Class Members, impliedly warranted that the Products were of merchantable quality and fit for their ordinary use, consumption by consumers, including children.

53. Hershey is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there were, in the sale to Plaintiff and the Class, implied warranties that those goods were merchantable.

54. Pursuant to 13 Pa.C.S.A. §2314, Hershey impliedly warranted to retail buyers that the Products were merchantable in that they (a) would pass without objection in the trade or industry under the contract description, and (b) were fit for the ordinary purposes for which the Products are used. Defendant breached these

16

implied warranties because the Products were unsafe in that they contained toxic lead and cadmium. Therefore, the Products would not pass without objection in the trade or industry and were not fit for the ordinary purpose for which they are used, which is consumption by consumers, including children.

55.     Hershey was on notice of this breach as it was aware of the lead and cadmium in the Products, including based on receiving notice in at least 2017.

56.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and the Class members have been injured and harmed because they would not have purchased the Products or would have paid less for them if they knew the truth about the Products, namely, that they contained lead and cadmium.

WHEREFORE Plaintiff respectfully requests this Court to award the relief described at the conclusion of this complaint.

## COUNT II – Unjust Enrichment

57.     Plaintiff incorporates by reference Paragraphs 1-50 of this complaint.

58.     Plaintiff's and class members' purchase of the Products conferred financial benefits on Defendant.

59.     Defendant appreciated those financial benefits by using them to fund its operations and to pay dividends to its shareholders.

Case ID: 230100940

60.     Acceptance and retention of those benefits under the circumstances described above would be inequitable.

WHEREFORE Plaintiff respectfully requests this Court to award the relief described at the conclusion of this complaint.

## **COUNT III – Strict Liability**

61.     Plaintiff incorporates by reference Paragraphs 1-50 of this complaint.

62.     Defendant, which was engaged in the business of selling the Products, had a duty to make and/or market the product free from a defective condition unreasonably dangerous to the consumer.

63.     The Products were defective at the time Defendant placed them on the market.

64.     The Products were expected to, and did, reach the Plaintiff and the other class members without substantial change in the condition in which the Products were sold.

65.     The danger threatened by consumption of the Products was unknowable and unacceptable to the average or ordinary consumer.

66.     A the probability and seriousness of harm caused by the Products outweighed Defendant's burden or costs of taking precautions.

18

Case ID: 230100940

WHEREFORE Plaintiff respectfully requests this Court to award the relief described at the conclusion of this complaint.

## REQUESTED RELIEF

67.     Plaintiff respectfully requests the Court to award Plaintiff and the Class the following relief:

a.      Pursuant to Pa.R.C.P. 1710, to certify a class composed of all persons in the United States who, at any time from four years preceding the date of the filing of this Complaint to the time a class is certified (the "Class Period"), purchased the Hershey Products.

b.      To appoint Plaintiff as the class representative.

c.      To appoint the undersigned as class counsel.

d.      To order Defendant to bear the cost of class notice;

e.      To order Defendant to destroy all misleading and deceptive advertising materials and product labels, and to recall all of the Products;

f.      To order Defendant to disgorge all monies, revenues, and profits obtained from sales of the Products;

g.      To order Defendant to pay compensatory damages and punitive damages as may be awarded at trial;

h.      To award Plaintiff attorneys' fees and costs of this action.

Case ID: 230100940

Respectfully submitted:

/s/ John K. Weston

John K. Weston

Andrew B. Sacks
SACKS WESTON LLC
Attorneys for Plaintiff

20

## **VERIFICATION**

I, DENETHIA DURGIN, state that I am the plaintiff in this action; that I have read the foregoing class action complaint; and that, to the best of my knowledge, information and belief, the facts set forth therein are true and correct.

Dated: January 10, 2023

_____
DENETHIA DURGIN